WARD, Judge.
The executor of this succession appeals from a judgment holding legatees entitled to mineral royalty proceeds which accrued between the date of the testator’s death and the date of the legatees’ formal demand for the royalty which had been bequeathed to them. We affirm the judgment.
In 1947, Daisy Woods and other lessors granted an oil, gas and mineral lease of property in Terrebonne Parish to the Texas Company (now Texaco, Inc.) and the Louisiana Land and Exploration Company. Daisy Woods Kramer died on November 1, 1983. A petition for probate was filed on November 2,1983, and Jackson P. McNeely was appointed testamentary executor. The probated will, dated April 13, 1981, included the following bequest:
I leave an undivided one-half interest each to Martha L. Meyers and Elizabeth M. Bullock of my undivided interest in and to that certain oil, gas and mineral lease with the Texaco Company on property located on Little Caillou Island.
*445 On October 17, 1984, legatees Meyers and Bullock made formal demand upon the executor McNeely for delivery of the interests bequeathed to them. By judgment each legatee was placed in possession of her legacy described as:
An undivided one-half interest of the decedent’s interest in and to:
Royalty interests (including proceeds therefrom from date of formal demand for delivery of legacy) in and to:
That certain tract of land ... pursuant to lease dated July 8, 1947_
The issue in the instant appeal was first raised in “Demand for Possession of Particular Legacies and Rule to Show Cause” filed by Meyers and Bullock on December 17, 1984. They asserted that since Mrs. Kramer’s death, McNeely as executor had received royalty payments from the bequeathed lease interest in excess of $14,-000.00. Meyers and Bullock in claiming those payments, contended that formal demand was not required because the proceeds were part of a legacy under a particular title to which the legatees had a right from the day of the testator’s death.
After a hearing, the Trial Judge ordered that the legatees’ right “to be placed in possession of the underlying right to share in the production of the mineral royalty commenced October 17, 1984, the date of formal demand ... [and as to the issue on appeal] ... the legatees are entitled to all proceeds from mineral royalty from the date of testator’s death on November 1, 1983 with legal interest.”
In affirming the judgment, we agree with the reasons given by the Trial Judge. He correctly reasoned that the disposition of the issue turned on the nature of the interest bequeathed to Meyers and Bullock — whether the interest is property which produces income or the income itself.
The distinction is crucial because the Civil Code treats particular legatees’ right to things bequeathed differently from their right to proceeds or interest from things bequeathed. Article 1626 provides in pertinent part:
Every legacy under a particular title gives to the legatee, from the day of the testator’s death, a right to the thing bequeathed. ...
Nevertheless, the particular legatee can take the possession of the thing bequeathed, or claim the proceeds or interest thereof, only from the day the demand of delivery was formed....
Article 1631 provides two exceptions to this rule, whereby proceeds or interest accrue to the legatee’s benefit from the date of death without the necessity of demand for delivery:
1. When the testator has expressly declared in his will to that effect;
2. When an annuity or pension has been bequeathed by way of maintenance.
Although these exceptions provide authority for our holding, we do not rely wholly upon them because we believe the “thing bequeathed” was the right to income which, under Article 1626, vested in the legatees upon the testator’s death.
It is undisputed that the bequeathed interest was a mineral royalty. Our Mineral Code defines a mineral royalty as “the right to participate in production of minerals” _ La.R.S. 31:80. The Louisiana Supreme Court has defined royalty as “being a share of the product or proceeds therefrom reserved to the owner for permitting another to use the property.” Texas Co. v. Fontenot, 200 La. 753, 765, 8 So.2d 689, 693 (1942).
The view that the bequest of a royalty interest includes the income is supported by the decision in Succession of Goode, 425 So.2d 673 (La.1982), on rehearing. In that case, the will bequeathed “[a]ll oil and gas royalty interest payments.” The Court interpreted the bequest as manifesting the testator’s intent to confer less than full ownership of the royalty interest. In the case at bar, the testator did not bequeath “payments” but rather the interest itself, manifesting her intent to confer full ownership in the royalty upon her legatees.
This interpretation of the bequest means that the legatees are entitled to the royalty payments from the date of death. As not *446 ed previously, such a result is supported by Article 1631 which provides for vesting of proceeds from date of death when the testator has expressly declared to that effect in the will. Additionally, we believe counsel for the legatees makes an apt analogy when he compares a mineral royalty interest to annuity or pension proceeds, which under Article 1631, also accrue to a legatee from the date of death.
Accordingly, the judgment of the Trial Court is affirmed.
All costs to be paid by the succession.
AFFIRMED.